Stephen E. Geduldig, Esquire
Attorney I.D. No. 43530
E-mail: sgeduldig@pionlaw.com

Stephanie L. Hersperger, Esquire
Attorney I.D. No. 78735
E-mail: shersperger@pionlaw.com

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**
2404 Park Drive, Suite 404
Harrisburg, Pennsylvania 17110
Ph:  717-737-5833
Fax:  717-737-5553

**Attorneys for Defendant**
**Jose Emanuel Vazquez Rosa**

___

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT THOMAS, | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | Civil Action – Law |
| JOSE EMANUEL VAZQUEZ ROSA, | : | |
| BLANCA, LLC AND AA | : | |
| TRANSPORTATION 2, LLC, | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

Defendant, Jose Emanuel Vazquez Rosa ("Defendant Rosa"), by and through his undersigned counsel, Pion, Nerone, Girman, Winslow & Smith, P.C., hereby submits the following Notice of Removal pursuant to 28 U.S.C. §1441 and remove the state court action described below to the United States District Court of the Eastern District of Pennsylvania.

1. On September 7, 2021, Plaintiff, Robert Thomas ("Plaintiff") commenced an action against Defendants by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, Docket No. 210900284 (the "lawsuit"). A true and correct copy of Plaintiff's Complaint is attached to this Notice of Removal as **Exhibit "A."**

2. In his Complaint, Plaintiff alleges that on or about November 7, 2020, he was proceeding over the George Washington Bridge near Post 27, in Express Lane #2, when Defendant Rosa allegedly negligently merged his tractor-trailer into Express Lane #2 and hit Plaintiff's vehicle.  See Complaint, ¶¶ 9-11.

3. Plaintiff alleges that as a result of the accident, he suffered injuries to his "bones, joints, muscles, tendons, blood vessels and soft tissues, both internally and externally, including, but not limited to neck and back disc protrusions, bulging, and radiculopathy." Id. at ¶ 15.

4. Plaintiff further pleads that as a result of the accident, he has experienced pain and suffering, mental anguish, anxiety, loss of life's pleasures, bodily disfigurement, humiliation, incurred past medical expenses and loss of earnings, and may incur future medical expenses and a loss of future earning capacity. Id. at ¶¶ 16-18.

5. Plaintiff demands judgment in excess of the arbitration limits of Philadelphia County, which is $50,000.00. See Complaint, Wherefore Clause to Count I.

6. Although it is averred in the Complaint that Defendant Rosa resides at 6025 Torresdale Avenue, Philadelphia PA, 19135 (the "Philadelphia address"), this is incorrect.

7. Although Defendant Rosa resided at the Philadelphia address at the time of the accident, shortly thereafter, he moved to New Jersey where he resides at 78 Old Amboy Road, Apt. A, Trenton, New Jersey 18620 (the "New Jersey residence").

8. In fact, Defendant Rosa found a copy of Plaintiff's lawsuit in his mailbox at his New Jersey residence on or about November 7, 2021.[1]

---

[1] It is unknown whether Plaintiff attempted to serve Defendant Rosa via mail at his Philadelphia address, and the post office forwarded the mail to Defendant Rosa at his New Jersey residence, or whether Plaintiff mailed the Complaint directly to Defendant Rosa's New Jersey resident. No affidavit of service has been filed as to Defendant Rosa with the Philadelphia Court of Common Pleas. If Defendant Rosa had been residing in Philadelphia, service by mail would have been improper pursuant to the Pennsylvania Rules of Civil Procedure.

9. The Court of Common Pleas of Philadelphia County is located within the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

10. As noted above, Defendant Rosa received a copy of the Complaint in his mailbox on November 7, 2021, so that removal is being made within the time permitted by 28 U.S.C. § 1446(b)(1).

11. Removal of this lawsuit to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction – specifically, diversity jurisdiction under 28 U.S.C. § 1332 – over Plaintiff's claims.

12. Defendant Rosa asserts that complete diversity exists between Plaintiff and Defendants for the reasons set forth below:

   a. Plaintiff resides in, and thus is a citizen of, Pennsylvania. See Complaint, ¶ 1.

   b. Defendant Rosa resides in, and thus, is a citizen of New Jersey. See ¶¶ 6-8, above.

   c. Defendant Blanca V, LLC is alleged to be a business entity that is a citizen of the state of New Jersey where it maintains a registered office and regular place of business at 79 Old Amboy Road, Trenton, New Jersey 18620.[2] See Complaint, ¶ 3.

   d. Upon information and belief, it is averred that all members of Defendant Blanca V, LLC, are citizens of New Jersey.

---

[2] The address identified as being Blanca V, LLC's place of business is actually the place of business for FTVY Logistics, LLC, which is the entity that Defendant Rosa was driving for at the time of the accident, but which has not been named as a party in this matter.

    e. Defendant AA Transportation 2, LLC is alleged to be a business entity that is a citizen of the state of Maryland where it maintains a registered office and regular place of business at 1929 Power Mill Road, Silver Spring, Maryland 20903. Id. at ¶ 6.

    f. Upon information and belief, it is averred that all members of Defendant AA Transportation 2, LLC, are citizens of Maryland.

13. Limited liability companies take the citizenship of their members.

14. Because Plaintiff is a Pennsylvania citizen and no Defendant is a Pennsylvania citizen, complete diversity exists.

15. In his Complaint, Plaintiff requests unliquidated damages in excess of the local prevailing arbitration limit, which is $50,000.00. *See* Phila.Civ.R. *1301.

16. Pennsylvania law prohibits Plaintiff from demanding a sum certain in his Complaint. *See* 28 U.S.C. § 1446(c)(2)(A)(ii); Pa.R.Civ.P. 1021(b).

17. However, Plaintiff, who has averred that Defendant Rosa's tractor-trailer negligently hit his vehicle, is claiming to have suffered physical and mental injuries which may result in his needing future medical treatment and having a loss of earning capacity.

18. For these reasons, it is more likely than not that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1446(c)(2); *see also Russo v. Wal-Mart Stores E., L.P.*, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017) (explaining that "in the context of a personal injury lawsuit between diverse parties, 'severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue and trigger the running of the thirty-day removal period.'"); Sims v. PerkinElmer Instruments, LLC, No. 04CV3773, 2005 WL746884, at *2 (Mar. 31, 2005 E.D. Pa.); *Russo v. Wal-Mart Stores E., L.P.*, 2017 WL 1832341, at *3 (M.D. Pa. May 8, 2017) (finding that allegations

that plaintiff suffered severe injuries and incurred medical costs, pain and suffering, disfigurement and that the injuries resulted in past and future loss of earnings and earning capacity, met the threshold for diversity jurisdiction because they properly gave defendant notice that the claims could reasonably exceed $75,000.00).

19. The above-captioned action, pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, is within the subject matter jurisdiction of the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332.

20. The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action pursuant to 28 U.S.C. § 1441.

21. Concurrent with the filing of this Notice of Removal, Defendant Rosa has filed a Notice of Filing of Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, advising that he has removed this action to the United States District Court for the Eastern District of Pennsylvania.

22. Defendant Rosa is unaware of whether any Co-Defendant has been served as there is no certificate of service for any of them on the docket, nor has any attorney entered an appearance for any Co-Defendant.

23. Thus, there are no properly served Co-Defendants to obtain consent of to file the instant Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A).

24. This Notice of Removal is timely, because it is made within 30 days of receipt of the Complaint by Defendant Rosa. 28 U.S.C. § 1446(b)(1).

25. Upon confirmation of filing and docketing with this Court, this Notice of Removal shall be provided to all parties, as well as the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

26. In filing this Notice of Removal, Defendant Rosa does not waive any affirmative defenses he may assert in this action.

WHEREFORE, Defendant, Jose Emanuel Vazquez Rosa, respectfully requests that this Honorable Court remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

**PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.**

Date: 12/07/2021       By:     /s/ Stephanie L. Hersperger
                               Stephen E. Geduldig, Esquire
                               PA I.D. #43530
                               Stephanie L. Hersperger, Esquire
                               PA I.D. #78735

                               **Attorneys for Defendant,
                               Jose Emanuel Vazquez Rosa**

## CERTIFICATE OF SERVICE

I, Stephanie L. Hersperger, Esquire, of the law firm of Pion, Nerone, Girman, Winslow & Smith, P.C., counsel for the Defendant, JOSE EMANUEL VAZQUEZ ROSA, hereby states that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served upon all counsel of record on this date via the method stated as follows:

**Attorneys for Plaintiff**
Matthew Mobilio, Esquire
Mobilio Wood
609 W. Hamilton Street, Suite 301
Allentown, PA 18101
Email:  matt@mobiliowood.com
(via electronic mail)

Blanca V, LLC
79 Old Amboy Road
Trenton, NJ 19620
(via first class mail)

AA Transportation 2, LLC
1929 Power Mill Road
Silver Spring, MD 20903
(via first class mail)

**PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.**

Date:   12/07/21                    By:   /s/ Stephanie L. Hersperger
                                          Stephanie L. Hersperger, Esquire
                                          PA I.D. #78735