# EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY, PENNSYLVANIA

Filed and Attested by the
Office of Judicial Records
07 SEP 2021 01:11 pm
M. BRYANT

| | |
|---|---|
| ROBERT THOMAS<br>1153 Merron Avenue<br>Easton, PA 18045<br><br>     Plaintiff<br>  v.<br><br>JOSE EMANUEL VAZQUEZ ROSA<br>6025 Torresdale Avenue<br>Philadelphia, PA 19135<br><br>BLANCA V, LLC<br>79 Old Amboy Road<br>Trenton, NJ 08620<br><br>AA TRANSPORTATION 2, LLC<br>1929 Powder Mill Road<br>Silver Spring, MD 20903<br><br>     Defendants | NO.<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL AND INFO SERVICES
Bar Association

Case ID: 210900284

1101 Market Street
Philadelphia, PA 19107

Case ID: 210900284

MOBILIO WOOD
BY: MATTHEW MOBILIO, ESQUIRE
E-MAIL: matt@mobiliowood.com
I.D. # 209439
609 W. HAMILTON STREET
SUITE 301
ALLENTOWN, PA 18101
PHONE: (610) 882-4000
FAX: (866) 793-7665

ATTORNEY FOR PLAINTIFF

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| ROBERT THOMAS<br>1153 Merron Avenue<br>Easton, PA 18045<br><br>                Plaintiff<br>  v.<br><br>JOSE EMANUEL VAZQUEZ ROSA<br>6025 Torresdale Avenue<br>Philadelphia, PA 19135<br><br>BLANCA V, LLC<br>79 Old Amboy Road<br>Trenton, NJ 08620<br><br>AA TRANSPORTATION 2, LLC<br>1929 Powder Mill Road<br>Silver Spring, MD 20903<br><br>                Defendants | NO.<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes the Plaintiff, Robert Thomas, by and through his attorneys, Mobilio Wood, and hereby submits the instant Complaint and avers as follows:

1. Plaintiff, Robert Thomas, is an adult individual residing in the Commonwealth of Pennsylvania at 1153 Merron Avenue, Easton, PA 18045.

Case ID: 210900284

2. Defendant, Jose Emanuel Vazquez Rosa, ("Defendant driver"), is an adult individual residing in the Commonwealth of Pennsylvania at 6025 Torresdale Avenue, Philadelphia, PA 19135.

3. Defendant, Blanca V, LLC ("Blanca") is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity that it is a citizen of State of New Jersey, where it maintains a registered office and regular place of business at 79 Old Amboy Road, Trenton, NJ 08620.

4. At all times relevant hereto, Defendant, Blanca, acted individually and by and through its agents, servants, workmen and/or employees, including but not limited to Defendant driver, who were acting within the course and scope of their employment and in furtherance of Defendant's business interests.

5. At all times relevant hereto, Plaintiff believes and therefore avers that Defendant, Blanca, regularly conducted business within the Commonwealth of Pennsylvania and Philadelphia County.

6. Defendant, AA Transportation 2, LLC, ("AA") is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity that it is a citizen of the State of Maryland, where it maintains a registered office and regular place of business at 1929 Powder Mill Road, Silver Spring, MD 20903.

7. At all times relevant hereto, Defendant, AA, acted individually and by and through its agents, servants, workmen and/or employees, including but not limited to

Case ID: 210900284

Defendant driver, who were acting within the course and scope of their employment and in furtherance of Defendant's business interests.

8. At all times relevant hereto, Plaintiff believes and therefore avers that Defendant, AA, regularly conducted business within the Commonwealth of Pennsylvania and Philadelphia County.

9. On or about November 7, 2020, Plaintiff was operating his passenger vehicle on the George Washington Bridge near Post 27, in Express Lane #2.

10. At the same time, Defendant Driver was operating a 2015 KW Tractor Trailer on the George Washington Bridge near Post 27, in Express Lane #3.

11. Defendant Driver thereupon carelessly and negligently attempted to merge the aforementioned truck from Express Lane #3, into Express Lane #2, and in doing so, he carelessly and negligently caused or allowed his vehicle to strike Plaintiff's vehicle, causing Plaintiff's injuries.

12. At all times relevant hereto, Defendant Driver knew or should have known that his attempt to merge into an adjacent lane without confirming there were no vehicles in said lane was improper, and he should have checked carefully for other vehicles in the adjacent lane, and that failure to do so could result in serious injury or death to others.

## COUNT I

### Robert Thomas v. Defendant, Jose Emanuel Vazquez Rosa

13. Plaintiff, Robert Thomas, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

14. The aforesaid accident was caused by the negligence and carelessness of Defendant, Jose Emanuel Vazquez Rosa, in that he, *inter alia*, did:

Case ID: 210900284

a) attempt to merge and enter into the left-hand lane of travel when it was unsafe to do so and cause his vehicle to strike Plaintiff as aforesaid;

b) merge and enter into the left-hand lane of travel when it was unsafe to do so and cause his vehicle to strike Plaintiff as aforesaid;

c) fail to activate his turn signal(s), or fail to activate his turn signal(s) a reasonable time before entering or attempting to enter the left-hand lane of travel;

d) fail to look and continue to look for vehicles near his vehicle before attempting to merge or merging into the left-hand lane;

e) fail to see Plaintiff when Plaintiff was in plain view;

f) fail to recognize that a vehicle behind, ahead of, and/or alongside his vehicle would be in his blind spot;

g) fail to take into account his blind spot or take action to eliminate the blind spots of the vehicle;

h) operate the truck at a high, unsafe, and excessive speed under the circumstances, too fast for conditions, and/or in excess of the speed limit;

i) fail to ensure that no vehicle as in front of his vehicle, alongside his vehicle, or otherwise so positioned and in such proximity to his vehicle as to constitute a hazard, when moving or attempting to move into the left-hand lane;

j) move or attempt to move his truck into the left-hand travel lane without due regard to the safety, rights, and position of Plaintiff;

k) disregard the location and movement of Plaintiff prior to and when he began merging his truck into the left-hand lane, when proper observation would have caused him to know that Plaintiff was so close and in such position that it would constitute a hazard and risk a collision were he to do so;

l) fail to have the truck under proper and adequate control at the time of the collision with Plaintiff;

m) fail to give proper and sufficient warning to Plaintiff before and during the time he entered into the left-hand lane of travel;

n) permit the truck to strike Plaintiff without due regard to the rights, safety or position of Plaintiff;

Case ID: 210900284

o) fail to apply his brakes in a timely fashion in order to avoid striking Plaintiff;

p) fail to swerve the truck or otherwise avoid colliding with Plaintiff;

q) fail to keep a careful and diligent watch on the highway to protect the rights, safety, and position of Plaintiff and others similarly situated;

r) operate the truck in such a manner that it could not be brought to a stop within the assured clear distance ahead;

s) operate the truck when he was too fatigued or otherwise was too impaired to safely operate a truck;

t) fail to maintain a safe distance between the truck and Plaintiff;

u) fail to look and continue to look for Plaintiff or other traffic proceeding around him or in the right-hand lane and/or shoulder;

v) operate the truck when he knew, or should have known, that he was not properly trained and certified to operate the truck in a safe and prudent manner;

w) fail to obtain the proper training necessary to operate the truck in a safe and prudent manner;

x) operate the truck when he was distracted and when he knew, or should have known, that he was distracted and that his distraction rendered him incapable of operating the truck in a safe and prudent manner;

y) fail to properly inspect, care for, clean, repair, and maintain the truck, and operate it in such a condition as to inadequately safeguard the rights, safety, and position of Plaintiff and others similarly situated;

z) operate the truck without the same being equipped and supplied with proper brakes, turn signals, collision avoidance systems, collision warning systems, blind spot cameras, and other safety appliances;

aa) park his truck in an unsafe location along the side of the highway when he knew, or should have known, that parking in such a location was unsafe;

bb) fail to give proper and adequate warning of the location where he parked his truck and that the location where he parked his truck was unsafe;

cc) operate the truck in violation of Defendants', Blanca V, LLC's and/or AA

Case ID: 210900284

        Transportation 2, LLC's, guidelines, policies, and procedures and standards of care and safety;

dd) do and fail to do all of the foregoing, while knowing that it placed Plaintiff and others similarly situated at great risk of unnecessary, foreseeable and severe bodily injury or death, and/or in negligent disregard thereto;

ee) operate his vehicle at an excessive rate of speed in order to perform more deliveries, in order to benefit Defendants' economic interests, and in negligent disregard of the risk this posed to others, including Plaintiff;

ff) operate the truck in violation of the laws and statutes of the Commonwealth of Pennsylvania, the requirements of which are incorporated herein by reference, including *inter alia* 75 Pa.C.S. 3334 and 3309, while he knew the should have known the fact that said violations posed severe risk of harm to others, including Plaintiff;

gg) violate the provisions of the Federal Motor Carrier Safety and Hazardous Materials Safety Regulations contained at 49 C.F.R. including *inter alia:* Sections 379.3; 379.7; 383.31; 383.33; 383.35; 383.51; 383.52; 383.71; 383.110; 383.111; 391.11; 391.15; 391.21; 391.41; 391.45; 392.1; 391.2; 392.22; 392.3; 392.7; 393.95; 395.3; 395.8; 395.11; 395.15; 395.22; 395.25; 395.30; 396.1; 396.7; 396.11; and 396.13 while he knew or should have known the fact that said violations posed severe risk of harm to others on the highway, including Plaintiff.

15. Solely as a result of the carelessness and negligence of Defendant, Jose Emanuel Vazquez Rosa, as aforesaid, Plaintiff, Robert Thomas, was caused to suffer injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues, both internally and externally, including, but not limited to neck and back disc protrusions, bulging, and radiculopathy.

16. As a result of all of the above injuries, Plaintiff, Robert Thomas, experienced conscious pain and suffering, including physical pain, mental anguish, anxiety, loss of life's pleasures, bodily disfigurement, embarrassment and humiliation.

17. As a result of the above injuries, Plaintiff, Robert Thomas, was obligated to expend various and diverse sums of money for medicine and medical treatment in an effort to

cure the above injuries.

18. As a result of the above injuries, Plaintiff, Robert Thomas, experienced a loss of future earnings and earning capacity.

19. As a result of the negligence and carelessness of Defendant, Jose Emanuel Vazquez Rosa, as aforesaid, Plaintiff has been and may be in the future obligated to expend various and diverse sums of money for, *inter alia,* medical expenses.

WHEREFORE, Plaintiff, Robert Thomas, demands judgment against Defendant, Jose Emanuel Vazquez Rosa, in an amount in excess of $50,000.00 plus interest and costs of suit, and in an amount in excess of any amount requiring compulsory arbitration.

## COUNT II

### Robert Thomas v. Blanca V, LLC

20. Plaintiff, Robert Thomas, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

21. The aforesaid accident was caused by the negligence and carelessness of Defendant, Blanca V, LLC, in that it, *inter alia,* did:

   a) commit the acts of negligence and carelessness as set forth in Count I above, which were committed by its agent, servant, workman and/or employee, Defendant, Jose Emanuel Vazquez Rosa, who was acting in the course and scope of his employment with Defendant, Blanca V, LLC, at all relevant times, said averments being incorporated herein by reference;

   b) permit the truck to be operated on the highways without the same being equipped and supplied with proper brakes, turn signals, collision avoidance systems, collision warning systems, blind spot cameras, and other safety appliances when Defendant, Blanca V, LLC, knew, or should have known of such defective conditions, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

   c) fail to properly inspect, care for, clean, repair, and maintain the truck in such a condition as to adequately safeguard the rights, safety, and position of Plaintiff

Case ID: 210900284

and others similarly situated, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

d) order, allow or permit Defendant, Jose Emanuel Vazquez Rosa, to operate the truck when he was too fatigued or impaired to safely operate same, although Defendant, Blanca V, LLC, knew or should have known the foregoing, or with negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

e) entrust the truck to Defendant, Jose Emanuel Vazquez Rosa, on the date of the accident when Defendant, Blanca V, LLC, knew or should have known that he had previously operated a vehicle and engaged in other conduct in a negligent manner, or negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

f) entrust the truck to Defendant, Jose Emanuel Vazquez Rosa, when it knew or should have known that he had a propensity to act or fail to act in a negligent, or with negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

g) direct, order or permit Defendant, Jose Emanuel Vazquez Rosa, to operate the truck when Defendant, Blanca V, LLC, knew or should have known that he intended to or was likely to use the truck, or to conduct himself as a driver, in such a manner as to create an unreasonable risk of harm to others in violation of the Restatement (Second) of Torts Section 308, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

h) direct, order or permit Defendant, Jose Emanuel Vazquez Rosa, to operate the truck when Defendant, Blanca V, LLC, knew, or should have known, that he was not properly trained and certified to operate the truck in a safe and prudent manner, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

i) fail to provide sufficient and proper instruction, education, and training to Defendant, Jose Emanuel Vazquez Rosa, in order for him to operate the truck in a safe and prudent manner, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

j) direct, order or permit Defendant, Jose Emanuel Vazquez Rosa, to operate the truck despite the truck lacking proper safety inspections, maintenance, and repairs, where Defendant, Blanca V, LLC, knew or should have known of the foregoing, or in in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

Case ID: 210900284

k) order, permit or direct Defendant, Jose Emanuel Vazquez Rosa, to operate the truck when he was distracted and when Defendant, Blanca V, LLC, knew, or should have known, that he was distracted and that his distraction rendered him incapable of operating the truck in a safe and prudent manner, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

l) fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly inspect, maintain, service and/or repair the aforesaid truck, in negligent disregard of the unnecessary, foreseeable, and severe risk of harm this posed to Plaintiff and others similarly situated;

m) fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly train truck operators including Defendant-driver, while knowing that this placed Plaintiff and others similarly situated at unnecessary, foreseeable and severe risk of harm

n) fail to use reasonable care in hiring, supervising, employing and/or promoting Defendant, Jose Emanuel Vazquez Rosa, while knowing that this placed Plaintiff and others similarly situated at unnecessary, foreseeable and severe risk of harm;

o) employ and continue to employ Defendant, Jose Emanuel Vazquez Rosa, when Defendant, Blanca V, LLC, knew, or should have known, that he was unqualified and incapable of safely performing the requirements of his position and safely operate the truck in question, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

p) fail to establish procedures and programs to ensure that trucks being operated by its employees including Defendant driver were properly inspected, maintained, serviced and/or repaired, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

q) fail to establish procedures and programs to ensure that truck operators and others charged with inspecting, maintaining, servicing and/or repairing trucks such as that operated by Defendant driver were properly trained, competent, capable and were, in fact, performing the requirements of their respective employments, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

r) fail to ensure that its drivers and other employees charged with inspecting, maintaining, servicing and/or repairing trucks such as that operated by Defendant driver were complying with Defendant's policies, procedures, guidelines, and standards of care and safety, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

s) fail to ensure that Defendant Blanca V, LLC, and its employees were complying with all state statutes and Federal Motor Carrier Safety Regulations, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

t) permit or direct the truck to be operated by Defendant driver when Defendant, Blanca V, LLC, knew, or should have known, that he was too fatigued to safety operate the vehicle;

u) permit or direct Defendant driver to operate the truck when Defendant, Blanca V, LLC, knew, or should have, known that Defendant driver was in violation of the maximum hours of service rules set in the FMCSR;

v) allow the truck to be operated by Defendant driver at an excessive rate of speed and/or in excess of the speed limit to benefit Defendants' economic interests, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

w) fail to comply with its own policies, procedures, and programs which were designed to ensure that trucks being operated by its employees were properly inspected, maintained serviced, operated and/or repaired, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

x) fail to comply with its own policies, procedures, and programs which were designed to ensure that its operators and the employees charged with inspecting, maintaining, servicing, and/or repairing said trucks were properly trained, competent, capable of or actually performing the requirements of their employment, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

y) fail to ensure that its drivers and others charged with inspecting, maintaining, servicing, operating and/or repairing said trucks complied with Defendant, Blanca V, LLC,'s own policies, procedures, guidelines, and standards of care and safety, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

Case ID: 210900284

z) fail to ensure that its drivers and employees complied with all state statutes, including *inter alia* 75 Pa.C.S. 3334, 3309, 3714, 3736, and 3361, all of which were violated by Defendant, Blanca V, LLC, and/or Defendant driver, and are incorporated herein by reference, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

aa) fail to ensure that it, its drivers and employees complied with the Federal Motor Carrier Safety and Hazardous Materials Safety Regulations contained at 49 C.F.R. including *inter alia:* Sections 379.3; 379.7; 383.31; 383.33; 383.35; 383.37; 383.51; 383.52; 383.71; 383.110; 383.111; 391.11; 391.15; 391.21; 391.23; 391.25; 391.27; 391.31; 391.33; 391.41; 391.45; 391.51; 391.53; 392.1; 391.2; 392.3; 392.6; 392.7; 395.3; 395.8; 395.11; 395.15; 395.22; 395.25; 395.30; 396.1; 396.3; 396.7; 396.11; 396.13; 396.17; 392.22; 393.95; and 396.22 while it knew or should have known the fact that said violations posed severe risk of harm to others on the highway including Plaintiff.

22. As a result of the carelessness and negligence of Defendant, Blanca V, LLC, Plaintiff, Robert Thomas, was caused to suffer the injuries and damages more fully set forth at length in Count I above, said averments being incorporated herein by reference.

WHEREFORE, Plaintiff, Robert Thomas, demands judgment against Defendant, Blanca V, LLC, in an amount in excess of $50,000.00 plus interest and costs of suit, and in an amount in excess of any amount requiring compulsory arbitration.

## COUNT III

### Robert Thomas v. AA Transportation 2, LLC

23. Plaintiff, Robert Thomas, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

24. The aforesaid accident was caused by the negligence and carelessness of Defendant, AA Transportation 2, LLC, in that it, *inter alia,* did:

a) commit the acts of negligence and carelessness as set forth in Count I above, which were committed by its agent, servant, workman and/or employee, Defendant, Jose Emanuel Vazquez Rosa, who was acting in the course and scope of his employment with Defendant, AA Transportation 2, LLC, at all

Case ID: 210900284

<dl>
<dd>relevant times, said averments being incorporated herein by reference;
</dl>

b) permit the truck to be operated on the highways without the same being equipped and supplied with proper brakes, turn signals, collision avoidance systems, collision warning systems, blind spot cameras, and other safety appliances when Defendant, AA Transportation 2, LLC, knew, or should have known of such defective conditions, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

c) fail to properly inspect, care for, clean, repair, and maintain the truck in such a condition as to adequately safeguard the rights, safety, and position of Plaintiff and others similarly situated, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

d) order, allow or permit Defendant, Jose Emanuel Vazquez Rosa, to operate the truck when he was too fatigued or impaired to safely operate same, although Defendant, AA Transportation 2, LLC, knew or should have known the foregoing, or with negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

e) entrust the truck to Defendant, Jose Emanuel Vazquez Rosa, on the date of the accident when Defendant, AA Transportation 2, LLC, knew or should have known that he had previously operated a vehicle and engaged in other conduct in a negligent manner, or negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

f) entrust the truck to Defendant, Jose Emanuel Vazquez Rosa, when it knew or should have known that he had a propensity to act or fail to act in a negligent, or with negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

g) direct, order or permit Defendant, Jose Emanuel Vazquez Rosa, to operate the truck when Defendant, AA Transportation 2, LLC, knew or should have known that he intended to or was likely to use the truck, or to conduct himself as a driver, in such a manner as to create an unreasonable risk of harm to others in violation of the Restatement (Second) of Torts Section 308, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

h) direct, order or permit Defendant, Jose Emanuel Vazquez Rosa, to operate the truck when Defendant, AA Transportation 2, LLC, knew, or should have known, that he was not properly trained and certified to operate the truck in a safe and prudent manner, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly

Case ID: 210900284

situated;

i) fail to provide sufficient and proper instruction, education, and training to Defendant, Jose Emanuel Vazquez Rosa, in order for him to operate the truck in a safe and prudent manner, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

j) direct, order or permit Defendant, Jose Emanuel Vazquez Rosa, to operate the truck despite the truck lacking proper safety inspections, maintenance, and repairs, where Defendant, AA Transportation 2, LLC, knew or should have known of the foregoing, or in in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

k) order, permit or direct Defendant, Jose Emanuel Vazquez Rosa, to operate the truck when he was distracted and when Defendant, AA Transportation 2, LLC, knew, or should have known, that he was distracted and that his distraction rendered him incapable of operating the truck in a safe and prudent manner, or in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

l) fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly inspect, maintain, service and/or repair the aforesaid truck, in negligent disregard of the unnecessary, foreseeable, and severe risk of harm this posed to Plaintiff and others similarly situated;

m) fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly train truck operators including Defendant-driver, while knowing that this placed Plaintiff and others similarly situated at unnecessary, foreseeable and severe risk of harm

n) fail to use reasonable care in hiring, supervising, employing and/or promoting Defendant, Jose Emanuel Vazquez Rosa, while knowing that this placed Plaintiff and others similarly situated at unnecessary, foreseeable and severe risk of harm;

o) employ and continue to employ Defendant, Jose Emanuel Vazquez Rosa, when Defendant, AA Transportation 2, LLC, knew, or should have known, that he was unqualified and incapable of safely performing the requirements of his position and safely operate the truck in question, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

p) fail to establish procedures and programs to ensure that trucks being operated by

Case ID: 210900284

its employees including Defendant driver were properly inspected, maintained, serviced and/or repaired, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

q) fail to establish procedures and programs to ensure that truck operators and others charged with inspecting, maintaining, servicing and/or repairing trucks such as that operated by Defendant driver were properly trained, competent, capable and were, in fact, performing the requirements of their respective employments, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

r) fail to ensure that its drivers and other employees charged with inspecting, maintaining, servicing and/or repairing trucks such as that operated by Defendant driver were complying with Defendant's policies, procedures, guidelines, and standards of care and safety, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

s) fail to ensure that Defendant, AA Transportation 2, LLC, and its employees were complying with all state statutes and Federal Motor Carrier Safety Regulations, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

t) permit or direct the truck to be operated by Defendant driver when Defendant, AA Transportation 2, LLC, knew, or should have known, that he was too fatigued to safety operate the vehicle;

u) permit or direct Defendant driver to operate the truck when Defendant, AA Transportation 2, LLC, knew, or should have, known that Defendant driver was in violation of the maximum hours of service rules set in the FMCSR;

v) allow the truck to be operated by Defendant driver at an excessive rate of speed and/or in excess of the speed limit to benefit Defendants' economic interests, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

w) fail to comply with its own policies, procedures, and programs which were designed to ensure that trucks being operated by its employees were properly inspected, maintained serviced, operated and/or repaired, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

x) fail to comply with its own policies, procedures, and programs which were designed to ensure that its operators and the employees charged with inspecting, maintaining, servicing, and/or repairing said trucks were properly trained, competent, capable of or actually performing the requirements of their

Case ID: 210900284

y) fail to ensure that its drivers and others charged with inspecting, maintaining, servicing, operating and/or repairing said trucks complied with Defendant, AA Transportation 2, LLC,'s own policies, procedures, guidelines, and standards of care and safety, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

z) fail to ensure that its drivers and employees complied with all state statutes, including *inter alia* 75 Pa.C.S. 3334, 3309, 3714, 3736, and 3361, all of which were violated by Defendant, AA Transportation 2, LLC, and/or Defendant driver, and are incorporated herein by reference, in negligent disregard of the unnecessary, foreseeable and severe risk of harm this posed to Plaintiff and others similarly situated;

aa) fail to ensure that it, its drivers and employees complied with the Federal Motor Carrier Safety and Hazardous Materials Safety Regulations contained at 49 C.F.R. including *inter alia:* Sections 379.3; 379.7; 383.31; 383.33; 383.35; 383.37; 383.51; 383.52; 383.71; 383.110; 383.111; 391.11; 391.15; 391.21; 391.23; 391.25; 391.27; 391.31; 391.33; 391.41; 391.45; 391.51; 391.53; 392.1; 391.2; 392.3; 392.6; 392.7; 395.3; 395.8; 395.11; 395.15; 395.22; 395.25; 395.30; 396.1; 396.3; 396.7; 396.11; 396.13; 396.17; 392.22; 393.95; and 396.22 while it knew or should have known the fact that said violations posed severe risk of harm to others on the highway including Plaintiff.

25. As a result of the carelessness and negligence of Defendant, AA Transportation 2, LLC, Plaintiff, Robert Thomas, was caused to suffer the injuries and damages more fully set forth at length in Count I above, said averments being incorporated herein by reference.

**MOBILIO WOOD**

DATED: 09.07.2021

BY: /S/ MATTHEW MOBILIO
MATTHEW MOBILIO, ESQUIRE
Attorney for Plaintiff

Case ID: 210900284

DATED:

                        MATTHEW MOBILIO, ESQUIRE
                        Attorney for Plaintiff

## VERIFICATION

I, ROBERT THOMAS, do hereby state that the facts set forth above in the Complaint are true and correct to the best of my knowledge, information and belief and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 (relating to unsworn falsification to authorities).

Date: 8/27/2021

_____
ROBERT THOMAS

Case ID: 210900284